Douglas R. Hart, SBN 115673
dhart@sidley.com
Jennifer B. Zargarof, SBN 204382
jzargarof@sidley.com
Francis S. Lam, SBN 279076
flam@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013**
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants CVS Health Corporation (erroneously sued as CVS Caremark);
Garfield Beach CVS, L.L.C., and CVS Pharmacy, Inc.

Larry W. Lee, SBN 228175
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
**515 S. Figueroa Street, Suite 1250**
**Los Angeles, California 90071**
(213) 488-6555
(213) 488-6554 facsimile

**Additional Counsel**
**listed on following page**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIE BROWN, as an individual and on behalf of all others similarly situated, | Case No. 2:15-cv-07631-PSG |
| Plaintiffs, | **STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS** |
| vs. | |
| CVS CAREMARK, an unknown entity; GARFIELD BEACH CVS, L.L.C., a Rhode Island limited liability company; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

1   Edward W. Choi, Esq. SBN 211334
    LAW OFFICES OF CHOI & ASSOCIATES
2   515 S. Figueroa Street, Suite 1250
    Los Angeles, California 90071
3   Telephone: (213) 381-1515
    Facsimile: (213) 233-4409
4   Email: edward.choi@calaw.biz

5   Thomas M. Lee, SBN 210599
    LEE LAW OFFICES, APLC
6   3435 Wilshire Blvd, Suite 2400
    Los Angeles, California 90010
7   Telephone: (213) 251-5533
    Facsimile: (213) 251-5534
8   Email: leethomas.esq@gmail.com

9   Dennis S. Hyun, SBN 224240
    dhyun@hyunlegal.com
10  HYUN LEGAL, APC
    515 S. Figueroa Street, Suite 1250
11  Los Angeles, California 90071
    (213) 488-6555
12  (213) 488-6554 facsimile

13  Attorneys for Plaintiff Willie Brown

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS

**I.**   Defined Terms.

As used herein, the following terms are defined as:

**A.**   "Action" means the class action lawsuit filed by Plaintiff Willie Brown against Defendants CVS Caremark, CVS Pharmacy, Inc., and Garfield Beach CVS, L.L.C. in the District Court for the Central District of California, Case No. 2:15-cv-07631-PSG-PJW and any subsequent amendments thereto.

**B.**   "Agreement," "Settlement," or "Stipulation" means this Stipulation and Settlement of Class Action Claims.

**C.**   "Claims" means any and all claims which were or could have been alleged based on the facts alleged in the Complaint during the Class Period, including all claims for violation of California Labor Code § 226, and all penalties under the California Private Attorneys General Act (California Labor Code § 2699 et seq.) relating to a violation of California Labor Code § 226.

**D.**   "Claims Administrator" means Rust Consulting.

**E.**   "Claims Administration Costs" means the amount that will be paid to the Claims Administrator.

**F.**   "Class Counsel" means Larry W. Lee of Diversity Law Group, P.C., Edward W. Choi of Law Offices of Choi & Associates, Thomas M. Lee of Lee Law Offices, A.P.L.C., and Dennis S. Hyun of Hyun Legal APC.

**G.**   "Class Period" means the period from September 29, 2014 until the date of Preliminary Approval or September 1, 2016, whichever is earlier.

**H.**   "Complaint" means the lawsuit referred to in Paragraph I(A) herein and all amendments thereto.

**I.**   "Court" means the Federal District Court for the Central District of California.

**J.**   "CVS" means Defendant CVS Health Corporation (erroneously named as "CVS Caremark"), CVS Pharmacy, Inc., and Garfield Beach CVS, L.L.C.

**K.**   "CVS's Counsel" means Douglas R. Hart, Jennifer B. Zargarof, and Francis S. Lam of Sidley Austin, LLP.

**L.**   "Database Report" means a list of Potential Class Members that CVS will diligently and in good faith compile from its records and provide to the Claims Administrator.  The Database Report shall be in a Microsoft Excel spreadsheet and shall include each Potential Class Member's full name, employee ID while employed with CVS, social security number, last known home address to the extent available in CVS's human resources employee information database, and the individual number of wage statements received by each Potential Class Member containing shift differential pay during the Class Period.

**M.**   "Effective Date" means the later of: (a) the date on which the time for appeals by Potential Class Members who validly submitted a Notice of Objection from any Order ruling on any objections or granting Final Approval of the Settlement has run; (b) the resolution of any appeal filed by a Potential Class Member who validly submitted a Notice of Objection from any Orders ruling on any objections or granting Final Approval of the Settlement; or (c) Final Approval.

**N.**   "Excluded Individuals" shall mean all Potential Class Members who have timely and validly requested to be excluded from the Settlement in accordance with the terms of this Agreement.  Excluded Individuals will not receive a Settlement Award.

**O.**   "Fees and Costs Award" means the amount authorized by the Court to be paid to Class Counsel for the services they have rendered and expenses they have incurred in prosecuting the Action, in an amount not to exceed $900,000 for fees (thirty percent of the Total Maximum Potential Settlement) and $30,000 for costs. The Fee and Costs Award shall be paid from the Total Maximum Potential Settlement.  Any amount of the Fees and Costs Award that is reduced by the Court shall be re-distributed to Settlement Class Members.

**P.**   "Final Approval" means the Court's order granting final approval of the Settlement and "Final Approval Date" means the date that CVS's counsel receives the Court's Final Approval order.

**Q.**   "Final Approval Hearing" means the hearing at which the Court considers whether to approve the Settlement and to enter the Final Judgment.

**R.**   "Final Judgment" means the Court's Final Judgment in a form to be agreed upon by the Parties prior to the hearing on the Motion for Preliminary Approval.

**S.**   "Gross Settlement Fund" means the fund available to pay the Settlement Awards to all of the Settlement Class Members.  The Gross Settlement Fund shall constitute the Total Maximum Potential Settlement minus the Fees and Cost Award, the Incentive Award, the Claims Administration Costs, and the PAGA Payment made to the Labor and Workforce Development Agency.

**T.**   "Incentive Award" means the amount that the Court authorizes to be paid to the Named Plaintiff over and above his Settlement Award, in recognition of his efforts in assisting with the prosecution of the Action on behalf of the Potential Class Members.  This amount is not to exceed ten thousand dollars ($10,000).

**U.**   "Named Plaintiff" means Willie Brown.

**V.**   "Notice" means the Notice of Class Action Settlement And Final Approval Hearing in the form attached hereto as Exhibit B

**W.**   "Objection/Exclusion Deadline" means the date, no later than thirty (30) calendar days after the date the Notice is mailed (judged by the postmark date) by the Claims Administrator, prior to which a potential class member may timely submit an Objection or a Request for Exclusion.

**X.**   "Parties" mean CVS and the Named Plaintiff.

**Y.**   "PAGA Payment" shall constitute Twenty Thousand Dollars ($20,000.00) and, pursuant to Labor Code Section 2699(i), it will be distributed as

follows: 25% to the Settlement Class Members and 75% to the California Labor and Workforce Development Agency. The 25% portion of the PAGA Payment that shall be paid to the Settlement Class Members shall remain within the Gross Settlement Fund so that it is available to be included within the calculation of the Settlement Class Members' Settlement Awards.

**Z.** "Potential Class Members" means the Named Plaintiff and all CVS store employees employed by the Defendants who received shift differential pay reflected on a wage statement between September 29, 2014 and the date of Preliminary Approval or September 1, 2016, whichever is earlier.

**AA.** "Preliminary Approval Order" means the Order issued by the Court preliminarily approving the terms of the Settlement set forth in this Stipulation, in a form to be agreed upon by the Parties prior to the hearing on the Motion for Preliminary Approval.

**BB.** "Qualified Settlement Fund" shall be the qualified settlement fund established by the Claims Administrator pursuant to Internal Revenue Code Section 1.468B-1, into which the Total Maximum Potential Settlement shall be deposited within fifteen (15) business days following the Effective Date.

**CC.** "Released Claims" means all wage-and-hour claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, arising prior to the date of Preliminary Approval of this Class Settlement Agreement or September 1, 2016 (whichever is earlier), which were or could have been alleged in the Action related to any claim based on the Released Parties' alleged failure to provide accurate wage statements, including claims under California Labor Code §226 and the Private Attorneys' General Act based on alleged violations of Labor Code §226.

The Released Claims include any claims relating to the provision of wage statements that the Settlement Class Members do not know or suspect to exist in their

favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.  For the avoidance of any doubt, this release covers all claims of any nature relating to the provision of wage statements for Settlement Class Members during the period of time from September 29, 2014 through September 1, 2016 or date of preliminary approval, whichever is earlier. With respect to only the Released Claims as defined above, the Settlement Class Members expressly waive all rights under Section 1542 of the California Civil Code. Said Section reads as follows:

> **Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

**DD.**   "Released Parties" means CVS and its past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers, reinsurers, its successors and predecessors in interest, subsidiaries, affiliates, parents, and its company-sponsored employee benefit plans, including but not limited to CVS Health Corporation, CVS Pharmacy, Inc., Garfield Beach CVS, L.L.C., Longs Drug Stores California, L.L.C., and all of their respective officers, directors, employees, administrators, fiduciaries, trustees, and agents.

**EE.**   "Settlement Award" means the portion of the Gross Settlement Fund payable to each Settlement Class Member to be issued as penalties subject to issuance of IRS Form 1099 by the Class Administrator.

**FF.**   "Settlement Class Members" means all Potential Class Members (including the Named Plaintiff) who are not Excluded Individuals.  Settlement Class

Members collectively are referred to herein as the "Class."

  **GG.** "Total Maximum Potential Settlement" means the maximum total amount that CVS will be required by this Stipulation to pay in this Settlement and includes any and all payments to the Settlement Class Members, Named Plaintiff, Class Counsel, the Labor and Workforce Development Agency (*i.e.*, the PAGA Payment), and the Claims Administrator.  The Total Maximum Potential Settlement shall be three million dollars ($3,000,000.00).  This amount is non-reversionary.  The Total Maximum Potential Settlement was based on CVS's production of documents which showed that the number of wage statements containing shift differential pay issued to class members (approximately 6,036 individuals) from September 29, 2014 to March 31, 2016 amounted to 119,132 wage statements.  In the event the number of wage statements that contain shift differential pay increases by more than 44,000 from April 1, 2016 to September 1, 2016 (or the date of Preliminary Approval, whichever is sooner), the Parties will negotiate in good faith regarding payout distribution and whether increasing the Total Maximum Settlement Amount is warranted.

  **HH.** This Stipulation is made by the Named Plaintiff on behalf of himself and each of the other Potential Class Members, on the one hand, and CVS, on the other hand, in this Action, and is subject to the approval of the Court.

**II.**  <u>Background and Preliminary Representations.</u>

  **A.**  The Parties stipulate and agree to the class certification of the Action for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become final and effective as herein provided, the class certification shall immediately be set aside and the stipulated settlement class shall immediately be decertified.  The fact that the Parties are willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in or considered in connection with, the issue of whether a class should be certified in a non-settlement context in this Action and shall have no bearing on, and shall not be

admissible or considered in connection with, the issue of whether a class should be certified in any other lawsuit. CVS expressly reserves its right to oppose class certification should this Settlement not become final and effective.

**B.** <u>Investigation in the Action</u>. The Parties have conducted significant investigation of the facts and law during the prosecution of this Action, including without limitation, written discovery, document productions, and review of class data. Further, Class Counsel and CVS's counsel conducted substantial discovery, including written discovery and depositions and engaged in substantial motion work in the related *LeMar* Action, which also benefitted this case. The Parties also conducted a mediation session before experienced wage-and-hour class action mediator, Eugene Moscovitch, Esq. Counsel for the Parties have investigated the law as applied to the facts discovered regarding the alleged claims of the Potential Class Members and potential defenses thereto, and the damages claimed by the Potential Class Members. The Potential Class Members are demanding various amounts for statutory and civil penalties and attorneys' fees. CVS contends that the Potential Class Members were at all times provided with accurate wage statements, and thus it does not owe any civil or statutory penalties to Potential Class Members.

**C.** <u>Parties' Reasons for Settlement</u>. The Parties have concluded that any further prosecution and/or defense of this litigation would be protracted and expensive for all Parties. Substantial amounts of time, energy, and resources of the Parties have been and, unless this Settlement is made, will continue to be used for the litigation of the Claims asserted by Potential Class Members and defenses thereto. The Parties have also taken into account the risks of further litigation in reaching its decision to enter into this Settlement. The Parties, have, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Action with respect to the Potential Class Members.

**D.** <u>CVS's Denials of Wrongdoing</u>. CVS has denied and continues to

7

deny each of the claims and contentions alleged by Potential Class Members in the Action.  CVS has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  CVS also has denied and continues to deny, inter alia, the allegations that the Potential Class Members have suffered damage; that CVS violated any laws regarding the provision of itemized wage statements; that CVS engaged in any unlawful, unfair, or fraudulent business practices; that CVS engaged in any wrongful conduct as alleged in the Action; or that the Potential Class Members were harmed by the conduct alleged in the Action.  Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission, concession, or indication by or against CVS of any fault, wrongdoing, or liability whatsoever.

        **E.**    <u>Named Plaintiff's Claims</u>.  Named Plaintiff has claimed and continues to claim that the Released Claims have merit and give rise to liability on the part of CVS.  This Agreement is a compromise of disputed claims.  Nothing contained in this Agreement may be construed or used as an admission by or against the Potential Class Members or Class Counsel as to the merits or lack thereof of the claims asserted.

        **F.**    <u>Full Investigation</u>.  Named Plaintiff and Class Counsel have fully investigated the factual and legal bases for the causes of action asserted in the Action.

    NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Named Plaintiff on behalf of the Potential Class Members on one hand, and CVS on the other hand, and subject to the approval of the Court, that the Action is hereby being compromised and settled pursuant to the following terms and conditions:

**III.**   <u>Agreement.</u>

        **A.**    <u>Release As To All Settlement Class Members</u>.  As of the Effective

Date, all Settlement Class Members, including the Named Plaintiff, release the Released Parties from the Released Claims. The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Released Claims.

**B.** General Release By Named Plaintiff Only. In addition to the releases made by the Settlement Class Members set forth in Paragraph III(A) hereof, Named Plaintiff, as of the Effective Date, in his individual capacity and with respect to his individual claims only, agrees in exchange for receipt of an Incentive Award to release the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof.

The General Release includes any unknown claims that Named Plaintiff does not know or suspect to exist in his favor at the time of the General Release, which, if known by him, might have affected his settlement with, and release of, the Released Parties or might have affected his decision not to object to this Settlement or the General Release.

With respect to the General Release, Named Plaintiff stipulates and agrees that, upon the Effective Date, he shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provide:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiff may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of the General Release, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The General Release does not include claims that cannot be legally waived. Should, for whatever reason, the Settlement not become final and effective as herein provided, this General Release shall be deemed null and void and Named Plaintiff shall retain all rights, claims, causes of action, and prayers for relief, penalties and/or damages against Released Parties as though this Settlement Agreement was never executed by the Parties.

     **C.**   <u>Future Employment</u>.  Named Plaintiff Willie Brown shall not seek employment or any other remunerative relationship in the future with CVS or any of CVS's affiliates, related entities, or subsidiaries.  Named Plaintiff agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment.

     **D.**   <u>Tax Liability</u>.  CVS and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Settlement Class Members are not relying on any statement or representation by CVS or Class Counsel in this regard.  Settlement Class Members understand and agree that they will be solely responsible for the payment of any employee taxes and penalties assessed against them on the payments described herein and will hold CVS and Class

10

Counsel free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages, including the treatment of such payment as not subject to withholding or deduction for payroll and employment taxes.

     **E.**   CIRCULAR 230 DISCLAIMER. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE

BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

**F.** Creation of the Qualified Settlement Fund and Administration of the Total Maximum Potential Settlement. Within fifteen (15) business days after the Effective Date, CVS shall deliver the entirety of the Total Maximum Potential Settlement into the Qualified Settlement Fund created and controlled by the Claims Administrator pursuant to the terms of this Agreement. All payments that CVS is required to make pursuant to the Settlement Agreement shall be made from this Fund by the Claims Administrator. CVS shall have no obligation to segregate the funds for this Settlement from its other assets until required to deliver the Total Maximum Potential Settlement into the Qualified Settlement Fund in accordance with this paragraph. CVS will retain exclusive authority over, and responsibility for, those funds until required to deliver them into the Qualified Settlement Fund in accordance with this paragraph.

**1.** Named Plaintiff. The Incentive Award ultimately approved by the Court shall be paid to the Named Plaintiff from the Qualified Settlement Fund no later than five (5) business days after the date that the Claims Administrator is in receipt of the Total Maximum Potential Settlement amount from CVS. The Parties agree that a decision by the Court to award the Named Plaintiff an amount less than ten thousand dollars ($10,000) shall not be a basis for the Named Plaintiff or Class Counsel to void this Stipulation. The Claims Administrator shall issue an IRS Form 1099 for the Incentive Award. Named Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on this payment and shall hold harmless CVS from any claim or liability for taxes, penalties, or interest arising as a result of the payment. The Incentive Award shall be in addition to the Named Plaintiffs' Settlement

Award.

2.    Class Counsel.  CVS agrees not to oppose or impede any application or motion by Class Counsel for attorneys' fees up to the amount of Nine Hundred Thousand Dollars ($900,000) or costs up to the amount of $30,000.  The aggregate attorneys' fees and costs awarded by the Court shall be the "Fees and Costs Award."  The Parties agree that a decision by the Court to award Class Counsel an amount less than Nine Hundred Thousand Dollars ($900,000) in fees or an amount less than requested for costs shall not be a basis for the Named Plaintiff or Class Counsel to void this Stipulation.  Class Counsel shall be paid the Fees and Costs Award from the Qualified Settlement Fund no later than five (5) business days after the date that the Claims Administrator is in receipt of the Total Maximum Potential Settlement amount from CVS.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this Paragraph.  Class Counsel further agrees that Class Counsel shall be solely responsible for any allocation of the Fees and Costs Award between or among any other attorneys who have claims for such fees.  IRS Forms 1099 shall be provided to Class Counsel for the payments made pursuant to this Paragraph.

3.    Claims Administrator.  The Claims Administrator shall be paid for the costs of administration of the settlement from the Qualified Settlement Fund.  The estimate of such costs of administration for the disbursement of the Total Maximum Potential Settlement is Thirty Two Thousand Five Hundred Dollars ($32,500.00).  This estimate includes all tasks required of the Claims Administrator by this Agreement including the issuance of the Notice, the required tax reporting on the settlement amounts, the issuance of checks, including the issuing of IRS Forms 1099, and the handling of Potential Class Member questions and disputes.  Seven (7) days prior to the

Final Approval Hearing, the Claims Administrator shall provide the Court and all counsel for the Parties with a statement detailing the final costs of administration.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

       **4.**   <u>Settlement Class Members</u>.  The Settlement Awards shall be managed and administered as follows:

       **a.**   CVS shall provide, within fifteen (15) business days after Preliminary Approval, the Claims Administrator with the "Database Report."

       **b.**   The Claims Administrator shall mail the Notice to each Potential Class Member in accordance with Paragraph III(H)(3).

       **c.**   All Settlement Class Members (also known as all Potential Class Members except Excluded Individuals) who do not submit timely and valid requests for exclusions in accordance with Paragraph III(I)(5)(b) will become Settlement Class Members.

       **d.**   Within ten (10) calendar days of the Objection/Exclusion Deadline, the Claims Administrator shall provide CVS and Class Counsel a report showing:  (i) the names of Potential Class Members who have requested exclusion from the Settlement; (ii) the names of Potential Class Members who have submitted objections to the Settlement; and (iii) the names of each Settlement Class Member and the amount owed to each Settlement Class Member.  Excluded Individuals will not be Settlement Class Members and will not have standing to object to the Settlement.

       **e.**   The Settlement Awards owed to Settlement Class Members shall be calculated as follows: Individual Settlement

Awards will be calculated and apportioned from the Gross Settlement Fund based on the number of itemized wage statements received by each Settlement Class Member containing shift differential pay during the Class Period in proportion to the total number of itemized wage statements that Settlement Class Members received containing shift differential pay during the Class Period.

    **f.**  Specific calculations of Individual Settlement Payments will be made as follows:

(i) Each Potential Class Member shall be assigned an "Individual Wage Statement Number" by adding the total number of wage statements that he or she received during the Class Period reflecting shift differential pay.  The aggregate total of all of the Individual Wage Statement Numbers shall be referred to as the "Aggregate Wage Statement Number."

(ii) Each Potential Class Member shall be assigned a Payout Ratio which shall be determined by dividing his or her Individual Wage Statement Number by the Aggregate Wage Statement Number.

(iii) 100% of each Settlement Class Member's Settlement Award shall be considered non-wage compensation to the employees as penalties payable to the employee provided for by the California Labor Code and Wage Orders.

(iv) The entire Gross Settlement Fund will be disbursed to all Potential Class Members who do not submit timely and valid Requests for Exclusion.  If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase the Individual Settlement Award for each Settlement Class Member so that the amount actually distributed to the Settlement Class equals 100% of the Gross

Settlement Fund.

(v) If a Settlement Class Member wishes to participate in the Settlement but disagrees with the Individual Wage Statement Number assigned to him or her, the Settlement Class Member may dispute that number by sending a letter to the Settlement Administrator by no later than the Objection/Exclusion Deadline.  The letter must include: (i) the Settlement Class Member's name, address, telephone number, and the last four digits of his or her social security number or full CVS employee ID number; (ii) the Settlement Class Member's signature; (iii) the number of wage statements that the Settlement Class Member claims he or she received during the Class Period containing shift differential pay, and (iv) any supporting documentation the Settlement Class Member wishes to include.  CVS's records regarding each Settlement Class Member will govern unless evidence supplied by the Settlement Class Member convinces both Defendants and Plaintiff otherwise.  The Settlement Administrator will then consult with Defendants and Plaintiff to determine whether an adjustment is warranted.  Should Defendants and Plaintiff disagree with each other as to whether an adjustment is warranted, the dispute will be referred to the Court for its determination.

G.    Claims Administration.

1.    The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

2.    The Claims Administrator shall be responsible for: printing and mailing the Notice to the Potential Class Members as directed by the Court; receiving and reporting the requests for exclusion and objections

submitted by Potential Class Members; issuing and mailing Settlement Awards to Settlement Class Members; issuing all required IRS Forms 1099 to Class Counsel, Settlement Class Members, and Named Plaintiff, and other tasks as the Parties mutually agree or the Court orders the Claims Administrator to perform.  The Claims Administrator shall keep CVS's Counsel and Class Counsel timely apprised of the performance of all Claims Administrator responsibilities.

       **3.**     Any tax related documents required by this Agreement, such as the IRS Form 1099s, shall be filed and distributed by the Claims Administrator.  Any expenses incurred in connection with such filing and distribution shall be a cost of administration of the Settlement.

       **H.**    <u>Notice/Approval of Settlement and Settlement Implementation</u>.  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, certifying a Settlement Class, notifying Potential Class Members, obtaining final Court approval of the Settlement, and processing the Settlement Awards:

       **1.**     <u>Preliminary Settlement Hearing</u>.  Plaintiff shall request a hearing before the Court to request preliminary approval of the Settlement and to request the entry of the Preliminary Approval Order for certification of the Class for settlement purposes only.  In conjunction with this hearing, Plaintiff will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

       **2.**     <u>Certification of Settlement Class</u>.  Simultaneous with the filing of the Stipulation of Settlement and solely for purposes of this Settlement, Plaintiff will request that the Court enter an order preliminarily approving the proposed Settlement, certifying the Class and the Class Period for

settlement purposes only, and setting a date for a Final Approval Hearing. The Order shall be in a form to be agreed upon by the Parties prior to the hearing on the Motion for Preliminary Approval and provide for Notice of the Settlement and related matters to be sent to Potential Class Members as specified herein.

        **3.**    <u>Notice to Potential Class Members</u>. Notice of the Settlement shall be provided to Potential Class Members and Potential Class Members shall submit objections to the Settlement, and/or requests for exclusion from the Class using the following procedures:

        **a.**    <u>Notice By First-Class Mail</u>. Within ten (10) business days after receiving the Database Report, the Claims Administrator shall send a copy of the Notice (in the form attached hereto as Exhibit B) to all Potential Class Members via First Class regular U.S. mail, using the most current mailing address identified by reference to the Database Report and the National Change of Address (NCOA) database.

        **b.**    <u>Procedure For Undeliverable Notices</u>. Any Notices returned to the Claims Administrator as non-delivered before the final day that a potential class member may request exclusion shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, then the Claims Administrator shall promptly attempt to determine a correct address using a single skip-trace, computer, or other search using the name, address, and/or Social Security number of the individual involved, and shall then perform a single re-mailing. Those Potential Class Members who receive a re-mailed Notice shall have their deadline for objecting to the Settlement or requesting an Exclusion from the Settlement extended ten (10) calendar days from the date of re-mailing. In the event the procedures in this Paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the

intended recipient shall be a Settlement Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the U.S. District Court if the Settlement is approved by the U.S. District Court, but he or she will not receive a Settlement Award.

    **4.**   <u>Procedure for Payment of Settlement Awards.</u>

    **a.**   Except for Excluded Individuals, all Potential Class Members will become Settlement Class Members and receive a Settlement Award from CVS, distributed through the Claims Administrator.

    **b.**   Settlement Awards for Settlement Class Members shall be paid exclusively from the Qualified Settlement Fund, pursuant to the settlement formula set forth herein, and mailed to the Settlement Class Members no later than fifteen (15) business days after the Effective Date.  Should any question arise regarding the determination of eligibility for, or the amounts of, any Settlement Awards under the terms of this Agreement, Class Counsel and CVS's Counsel shall meet and confer in an attempt to reach agreement.  The Parties shall engage in a good faith effort to reach an agreement and, if the parties are unable to reach an agreement, the issue shall be subject to the dispute resolution procedure set forth in Paragraph III(K) herein.

    **c.**   Any checks paid to Settlement Class Members shall remain valid and negotiable for ninety (90) calendar days from the date of their issuance.  After that time, upon approval by the Court, any unclaimed checks shall escheat to the State of California's Department of Industrial Relations, Unclaimed Wages Fund.

    **d.**   The maximum amount CVS can be required to pay under this Agreement for any and all purposes is Three Million

Dollars ($3,000,000.00), except as otherwise provided by Article I(GG).

5.     Procedure for Objecting to or Requesting Exclusion From Class Action Settlement.

a.     Procedure for Objecting.  The Class Notice shall provide that Potential Class Members who wish to object to the settlement must mail a written statement of objection ("Notice of Objection") to the Claims Administrator and counsel for Plaintiff and CVS no later than the Objection/Exclusion Deadline Date.  Only Settlement Class Members (*i.e.*, not Excluded Individuals ) may submit objections and have the objections heard or otherwise considered.  The postmark date of the mailing shall be deemed the exclusive means for determining that a Notice of Objection is timely.  The Notice of Objection must state: (1) the Settlement Class Member's name, address, telephone number, and the last four digits of the social security number or full CVS employee ID number of the person submitting the Notice of Objection; (2) the legal and/or factual bases for the objection; and (3) be signed by the Settlement Class Member.  Potential Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. Upon receipt, the Claims Administrator shall provide counsel for the Parties with complete copies of all objections received, including the postmark dates for each objection.  Potential Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Potential Class Members to submit written

objections to the Settlement or appeal from the Order and Final Judgment. Class Counsel shall not represent any Potential Class Members with respect to any such objection.

    **b.** <u>Procedure for Requesting Exclusion</u>. The Notice shall provide that Potential Class Members who wish to exclude themselves from the Class and, in so doing, become an Excluded Individual, must submit a written request to be excluded from the Class to the Claims Administrator on or before the Objection/Exclusion Deadline Date. Such request for exclusion: (1) must contain the name, address, telephone number, and the last four digits of the Social Security number or full CVS employee ID number of the person requesting exclusion; (2) must state that h/she wants to opt-out; (3) must be returned by mail to the Claims Administrator at the specified address; (4) and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Potential Class Member who requests an exclusion from the Class will not be entitled to submit objections to the Settlement, will not be entitled to any recovery under the Settlement, and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Potential Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be Settlement Class Members and shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the Court. The Claims Administrator shall provide counsel for the Parties with a complete list of all Potential Class Members who have timely requested exclusion from

the Settlement in a weekly report up through the Effective Date.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Potential Class Members to submit requests for exclusion from the Settlement.

   **6.** <u>Claims Deemed Waived</u>.  Any Potential Class Member who does not request exclusion is deemed to have released the Released Parties from the Released Claims.  Such Potential Class Members will also receive a Settlement Award except as stated in Paragraph III.H(3)(b).

   **7.** <u>Option to Terminate Settlement</u>.  If Potential Class Members who otherwise would be Settlement Class Members have filed timely requests for exclusion from the Class in accordance with above Paragraph III(H)(5)(b), and the number of such individuals is greater than five percent (5%) of all Potential Class Members (as defined herein), CVS shall have, in its sole discretion, the option to terminate this Settlement.  To the extent CVS exercises this option, CVS shall be solely responsible for all claims administration costs incurred to date.

   **8.** <u>Final Settlement Approval Hearing and Entry of Final Judgment</u>.  Upon expiration of the Objection/Exclusion Deadline, with the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) the Fees and Costs Award, (ii) any Incentive Awards, and (iii) cost of administration.  The Final Approval Hearing shall not be held earlier than thirty (30) days after the Objection/Exclusion Deadline.  Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties shall present the Final Judgment to the Court for its approval.  After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing:  (i) the interpretation and enforcement of the terms of the

Settlement, (ii) settlement administration matters and (iii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

**9.**    <u>Nullification of Settlement Agreement</u>.  In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; (iv) CVS elects to terminate the Settlement as set forth herein; or (v) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid evenly between CVS and Named Plaintiff, or solely by CVS if the CVS unilaterally decides to terminate the Settlement.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Claims Administrator prior to it being notified of the filing of an appeal from the Court's Final Judgment, or any other appellate review, shall be paid to the Claims Administrator by CVS and Named Plaintiff (split 50/50) within thirty (30) days of said notification.

**10.**    <u>Certification By Claims Administrator</u>.  Upon completion of administration of the distributions, the Claims Administrator

shall provide written certification of such completion to the Court and counsel for all Parties.

  **I.** <u>No Effect on Employee Benefits</u>.  The Settlement Awards paid to the Named Plaintiff or other Settlement Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, vacations, holiday pay, retirement plans, etc.) of the respective Named Plaintiff or Settlement Class Members.  The Parties agree that any Settlement Awards to Settlement Class Members under the terms of this Agreement do not represent any modification of Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by CVS.  Further, any Settlement Awards or Incentive Award hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by CVS.

  **J.** <u>Publicity</u>.  The Named Plaintiff and Class Counsel agree that they will not issue any press releases or initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount, or terms of the Settlement.  In addition, the Named Plaintiff and Class Counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement of this case.  Any communication about the Settlement to Potential Class Members prior to the Court approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved notice.  Class Counsel shall not be restricted from answering questions from or providing documents to Potential Class Members who contact them for legal advice.  Class Counsel shall not be restricted from uploading any documents that are ordered by the Court to be uploaded to Class Counsel's websites.

**K.**   <u>Dispute Resolution</u>.  Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Agreement shall be resolved as follows:

**1.**   If the Named Plaintiff or Class Counsel, on behalf of the Named Plaintiff or any Potential Class Member, or CVS at any time believe that the other Party has breached or acted contrary to the Agreement, that party shall notify the other party in writing of the alleged violation.

**2.**   Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) calendar days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

**3.**   If the response does not address the alleged violation to the initiating party's satisfaction, the parties shall negotiate in good faith for up to ten (10) calendar days to resolve their differences.

**4.**   If Class Counsel and CVS are unable to resolve their differences after twenty (20) calendar days, either party may file an appropriate motion for enforcement with the Court.  The briefing of such motion should be in letter brief form and shall not exceed five (5) single-spaced pages (excluding exhibits).

**5.**   Reasonable attorney's fees and costs for work done in resolving a dispute under this Section may be recovered by any party that prevails under the standards set forth within the meaning of applicable law.

**L.**   <u>Exhibits and Headings</u>.  The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part

of this Agreement.

**M.**   Interim Stay of Proceedings.  The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the Court.

**N.**   Amendment or Modification.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**O.**   Entire Agreement.  This Agreement and any attached Exhibits, as well as the Memorandum of Understanding executed on April 21, 2016 ("MOU"), constitute the entire agreement among these Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits and the MOU other than the representations, warranties, and covenants contained and memorialized in such documents.  CVS shall not be required as part of the Settlement to modify or eliminate any of its personnel, compensation, or payroll practices, or adopt any new personnel, compensation, or payroll practices.

**P.**   Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the

assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of CVS represent and warrant that they are authorized to sign this Agreement on behalf of CVS.

**Q.**     Binding on Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**R.**     California Law Governs.  All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

**S.**     Counterparts.  This Agreement may be executed in one or more counterparts, including but not limited to by facsimile.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T.**     This Settlement Is Fair, Adequate and Reasonable.  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of this Class Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present, and potential.

**U.**     Jurisdiction of the Court.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**V.**     Cooperation and Drafting.  Each of the parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

**W.**     <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

Dated: August _____, 2016

By: _____
Plaintiff Willie Brown

Dated: August 23, 2016

By: _____
CVS
By: David Jaffee
Its: Vice President and Senior Legal Counsel,
Labor & Employment

Approved as to form:

Dated: August _____, 2016          DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Attorneys for Plaintiff Willie Brown

Dated: August _____, 2016          LAW OFFICES OF CHOI & ASSOCIATES, P.C.

By: _____
Edward W. Choi
Attorneys for Plaintiff Willie Brown

Dated: August ___, 2016          LEE LAW OFFICES, APLC

By: _____
Thomas M. Lee
Attorneys for Plaintiff Willie Brown

1        **W.**    <u>Invalidity of Any Provision</u>.   Before declaring any provision of this

2 Agreement invalid, the Court shall first attempt to construe the provisions valid to the

3 fullest extent possible consistent with applicable precedents so as to define all

4 provisions of this Agreement valid and enforceable.

5

6

7 Dated: August __30__, 2016

8                                     By: _____

9                                        Plaintiff Willie Brown

10

11 Dated: August _____, 2016

12

13                                       By: _____
                                       CVS

14                                        By: David Jaffee
                                       Its: Vice President and Senior Legal Counsel,

15                                        Labor & Employment

16 Approved as to form:

17 Dated: August __30__, 2016          DIVERSITY LAW GROUP, P.C.

18                                        By: _____

19                                        Larry W. Lee
                                       Attorneys for Plaintiff Willie Brown

20

21 Dated: August __30__, 2016       LAW OFFICES OF CHOI & ASSOCIATES, P.C.

22                                        By: _____

23                                        Edward W. Choi
                                       Attorneys for Plaintiff Willie Brown

24

25 Dated: August ____, 2016             LEE LAW OFFICES, APLC

26

27                                        By: _____

28                                        Thomas M. Lee
                                       Attorneys for Plaintiff Willie Brown

1

2    Dated: August 30 2016                    HYUN LEGAL, P.C.

3
                                              By:_____
4                                                 Dennis S. Hyun
                                                  Attorneys for Plaintiff Willie Brown
5

6

7

8    Dated: August ___, 2016                  SIDLEY AUSTIN LLP

9
                                              By:_____
10                                                Douglas R. Hart
                                                  Jennifer B. Zargarof
11                                                Francis S. Lam
                                                  Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1

2      Dated: August ___, 2016                HYUN LEGAL, P.C.

3
                                              By: _____
4                                                  Dennis S. Hyun
                                                   Attorneys for Plaintiff Willie Brown
5

6

7

8      Dated: August 31, 2016                 SIDLEY AUSTIN LLP

9
                                              By: _____
10                                                 Douglas R. Hart
                                                   Jennifer B. Zargarof
11                                                 Francis S. Lam
                                                   Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**W.** <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

Dated: August ____, 2016

By:_____
    Plaintiff Willie Brown

Dated: August ____, 2016

By:_____
    CVS
    By: David Jaffee
    Its: Vice President and Senior Legal Counsel,
    Labor & Employment

Approved as to form:

Dated: August ____, 2016        DIVERSITY LAW GROUP, P.C.

By:_____
    Larry W. Lee
    Attorneys for Plaintiff Willie Brown

Dated: August ____, 2016        LAW OFFICES OF CHOI & ASSOCIATES, P.C.

By:_____
    Edward W. Choi
    Attorneys for Plaintiff Willie Brown

Dated: August 30 , 2016        LEE LAW OFFICES, APLC

By:_____
    Thomas M. Lee
    Attorneys for Plaintiff Willie Brown

28

# EXHIBIT B

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie Brown, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>CVS CAREMARK, an unknown entity; GARFIELD BEACH CVS, L.L.C., a Rhode Island limited liability company; CVS Pharmacy, Inc., a Rhode Island corporation; and DOES 1 through 50, inclusive<br><br>          Defendants. | **Case No. 2:15-cv-07631-PSG**<br><br>**Assigned to:   Hon. Philip S. Gutierez**<br><br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING** |

<u>**THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.**</u>
<u>**PLEASE READ THIS NOTICE CAREFULLY.**</u>

*A court authorized this Notice.  This is not a solicitation.*
*This is not a lawsuit against you, and you are not being sued.*
*However, your legal rights will be affected whether you act or not.*

<u>Attention:</u>    You are receiving this Notice because CVS's records indicate that you are a CVS store employee who was employed by the Defendants and who received shift differential pay reflected on a wage statement between September 29, 2014 and September 1, 2016 (the "Class Period").

<u>**Your estimated Settlement Award is $_____**</u>.  This amount is based on the information provided by CVS in connection with the lawsuit entitled *Brown v. CVS Caremark, et al.* in the United States District Court for the Central District of California, Case No. 2:15-cv-07631-PSG (the "Lawsuit"), which show that you received \*\*\* wage statements containing shift differential pay during the Class Period.  This amount may increase or decrease depending on the Court's Orders and the number of Settlement Class Members.

| |
|---|
| **I.**     **WHY YOU SHOULD READ THIS NOTICE?** |

In connection with the Lawsuit, the Parties have reached a class action settlement agreement (the "Settlement") that is still subject to approval from the Court.  On [date of preliminary approval], the Court ordered that this Notice be mailed to you regarding the Settlement.  Because your rights may be affected by the Settlement, it is extremely important that you read this Notice carefully.

CVS's records show that you are a CVS store employee employed by the Defendants and who received shift differential pay reflected in a wage statement between September 29, 2014 and September 1, 2016.  Therefore, you are believed to be a Potential Class Member.

This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in the Lawsuit. This Notice is sent for the sole purpose of informing you of the pendency of the Lawsuit and the terms of the proposed Settlement so that you can make your own decisions. In the event of any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.     WHAT THIS CASE IS ABOUT

On September 29, 2015, Plaintiff Willie Brown, a former employee of Defendant Garfield Beach CVS, L.L.C., individually and on behalf of other individuals, filed a lawsuit against CVS Caremark, CVS Pharmacy, Inc., and Garfield Beach CVS, L.L.C. (collectively, "Defendants" or "CVS"). Plaintiff alleged that CVS failed to provide its employees with accurate itemized wage statements in violation of Labor Code § 226 because when employees received shift differential pay, the total hours of work reflected in their wage statements were allegedly incorrect. Plaintiff sought penalties under Labor Code § 226, and further alleged a derivative claim under the Private Attorneys General Act, Labor Code § 2699 *et seq.* CVS denies these allegations, and contends that it fully complied with the law, including by providing accurate wage statements. This case does not involve any allegation that CVS failed to pay its employees all wages earned.

## III.    THE PROPOSED SETTLEMENT

For purposes of settlement, and without admitting any liability, CVS has agreed to provide certain consideration to Potential Class Members. The following is only a summary of the consideration contained in the proposed Settlement Agreement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

The Settlement will apply to all Potential Class Members. Potential Class Members is defined as:

> "Named Plaintiff and all CVS store employees employed by the Defendants who received shift differential pay reflected on a wage statement between September 29, 2014 through September 1, 2016"

If you are a Potential Class Member, have not requested to be excluded through the procedures described later in this notice, and the Settlement receives final approval from the Court, then you will be eligible to receive such benefits for which you may qualify under the Settlement Agreement. You will also become a "Settlement Class Member." If the proposed Settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

The consideration provided under the proposed Settlement Agreement is summarized as follows:

> 1.  In exchange for the release of claims against it and final judgment on the Lawsuit, CVS will pay three million dollars ($3,000,000) ("Total Maximum Potential Settlement"). After attorneys' fees and costs, enhancement payment to the Plaintiff, settlement administration costs, and PAGA payments made to the Labor Workforce Development Agency are deducted from the Total Maximum Potential Settlement, the remaining amount (the "Gross Settlement Fund") will be divided among Settlement Class Members (Potential Class Members who do not request exclusion).

2.  Subject to Court approval, Potential Class Members who do not request to be excluded from the settlement are deemed Settlement Class Members and are eligible to receive money from the Gross Settlement Fund.  The Claims Administrator will determine each estimated Individual Settlement Payment according to the following formula: (i) each Potential Class Member shall be assigned an "individual wage statement number" by adding the total number of wage statements that he or she received during the Class Period reflecting shift differential pay during the Class Period; (ii) each Potential Class Member shall then be assigned a payout ratio by dividing his or her individual wage statement number by the aggregate number of wage statements that all Potential Class Members received during the Class Period containing shift differential pay.

3.  The Court will also be asked to award an incentive payment to Named Plaintiff Willie Brown.  Mr. Brown will request an award of ten thousand dollars ($10,000).  The incentive payment will be paid from the Gross Settlement Amount.

4.  You do not need to pay any portion of either Plaintiff's or CVS's attorneys' fees and costs.  Class Counsel will request 30% of the Total Maximum Settlement ($900,000) as attorneys' fees for litigation and resolution of this Lawsuit and actual costs of no more than $___ from the Total Maximum Settlement.

5.  The Claims Administrator shall be paid approximately $___ for the costs of administration of the Settlement, which pays for tasks such as mailing and tracking this Notice, establishing and maintaining a settlement website, mailing checks and tax forms, and reporting to the parties and the Court, and will be paid from the Total Maximum Settlement.  Any additional costs may be awarded by the Court from the Total Maximum Settlement to the Claims Administrator with a showing of good cause by the Settlement Administrator.

## IV.  WHAT TO DO IN RESPONSE TO THIS NOTICE?

**To participate in this Settlement and receive your Settlement Award, you do not have to do anything.**  However, you also have a right to object to the Settlement or request to be excluded from the Settlement.  The option you choose will in no way affect any current employment with CVS, or any potential for future employment with CVS.  Your options are listed below:

### A.  <u>Participate in the Settlement</u>.

To participate in this Settlement and receive your individual Settlement Award, you do not have to do anything.

If the proposed Settlement is approved by the Court and you have not submitted a request for exclusion, you will be eligible to receive a settlement award, will be bound by the Settlement, and will be barred from hereafter initiating or participating in any lawsuit or proceeding regarding Released Claims in this Settlement (for the applicable time period) as described in Section V below.

If you wish to participate in the Settlement but you disagree with the individual wage statement number assigned to you as stated in this Notice, you may dispute that number by sending a letter to the Settlement Administrator at [ENTER NAME AND ADDRESS] no later than thirty (30) calendar days after the date of this Notice is mailed (judged by the postmark date) by the Settlement Administrator.  The letter

must include: (i) your name, address, telephone number, and the last four digits of your social security number or full CVS employee ID number; (ii) your signature; (iii) the number of wage statements that you claim you received during the Class Period containing shift differential pay, and (iv) any supporting documentation you wish to include. CVS's records regarding each Settlement Class Member will govern unless evidence supplied by the Settlement Class Member convinces both Defendants and Plaintiff otherwise. The Settlement Administrator will then consult with Defendants and Plaintiff to determine whether an adjustment is warranted. Should Defendants and Plaintiff disagree with each other as to whether an adjustment is warranted, the dispute will be referred to the Court for its determination.

**B.  Object to the Settlement**.

If you are satisfied with the proposed Settlement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement. If you wish to object to the proposed Settlement Agreement, Class Counsel's requested attorneys' fees and costs, and/or Plaintiff's requested enhancement award, then you must take the following steps (your failure to do so will be deemed a waiver of your objections):

You must mail a written statement of objection ("Notice of Objection") to the Claims Administrator at [ENTER NAME AND ADDRESS] no later than thirty (30) calendar days after the date this Notice is mailed (judged by the postmark date) by the Settlement Administrator. The Notice of Objection must include (1) the Settlement Class Member's name, address, telephone number, and the last four digits of the social security number or full CVS employee ID number of the person submitting the Notice of Objection; (2) the legal and/or factual bases for the objection; and (3) be signed by the Settlement Class Member.

If you have satisfied the requirements set forth above, you have the right to address the Court at the Final Approval Hearing scheduled for _____, 2017 before the Honorable Philip S. Gutierrez, District Judge of the United States District Court for the Central District of California, United States Courthouse, 255 North Spring Street, Los Angeles, California 90012-3332, Courtroom Number 880. Class Members who object to the Settlement do not need to attend the Final Approval Hearing in order for their objections to be considered by the Court. However, only Class Members who have filed and served timely written objections will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise. You have the right to retain your own attorney, at your own expense, to submit an objection or appear on your behalf at the Final Approval Hearing.

You may both object to the Settlement and participate in it. Filing an objection will not exclude you from the Settlement. If you wish to be excluded from the Settlement, then you must follow the procedure below.

**C.  Exclude yourself from the Settlement**.

If you timely exclude yourself from this proposed Settlement, you will not be bound by the terms of the Settlement and you will not be entitled to receive any Settlement Award if the Court grants final approval of the Settlement. Also, if you submit a request for exclusion you will not be able to object to the Settlement.

To exclude yourself (or "opt out") from the proposed Settlement, you must fax or mail a request by first class postage to the Claims Administrator no later than thirty (30) calendar days after the date this Notice is mailed (judged by the postmark date).

To be valid, the Request for Exclusion must: (1) contain the name, address, telephone number, and the last four digits of the Social Security number or full CVS employee ID number of the person requesting exclusion; (2) must state that h/she wants to opt-out; and (3) must be returned by mail to the Claims Administrator at the specified address.   The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Unless you timely request to be excluded from the Settlement, you will be bound by the judgment upon final approval of the Settlement, including the Release described in this Notice.

## V. RELEASE

As of the Effective Date, all Settlement Class Members, including the Named Plaintiff, will have released the Released Parties from the Released Claims.  The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Released Claims.  "Released Claims" means all wage-and-hour claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, arising prior to September 1, 2016, which were or could have been alleged in the Action based on the factual allegations of the operative complaint related to any claim based on the Released Parties' alleged failure to provide accurate wage statements in compliance with California Labor Code §226 and for any penalties under the Private Attorneys' General Act based on the Released Parties' alleged violation of Labor Code §226.  For the avoidance of any doubt, this release covers all claims of any nature relating to the provision of wage statements for Settlement Class Members during the period of time from September 29, 2014 through September 1, 2016.  "Released Parties" means CVS and its past, present, or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers, reinsurers, its successors and predecessors in interest, subsidiaries, affiliates, parents, and its company-sponsored employee benefit plans, including but not limited to CVS Health Corporation, CVS Pharmacy, Inc., Garfield Beach CVS, L.L.C., and Longs Drug Stores California, L.L.C., and all of their respective officers, directors, employees, administrators, fiduciaries, trustees, and agents.

This waiver and release of claims shall be binding on all Potential Class Members who do not timely exclude themselves from the Settlement Agreement pursuant to the procedures set forth herein.  By not excluding themselves, Participating Class Members are deemed to have waived and released the claims set forth above.

With respect to the claims released above, the Settlement Class Members expressly waive and relinquish, and are deemed to waive and relinquish, the provisions of Section 1542 of the California Civil Code, or any other similar provision under federal or state law regarding the release of unknown claims, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

To the fullest extent allowed by law, Plaintiff and all Settlement Class Members are prohibited from ever asserting a claim released under the Settlement Agreement, and from commencing, or

joining in a lawsuit or adversary proceeding against CVS for the claims released for the applicable time period, as set forth above, on their own behalf or as putative representatives of others.

## VI.  THE FINAL APPROVAL HEARING

A hearing to finally approve the Settlement is scheduled for _____, 2017 before the Honorable Philip S. Gutierrez, District Judge of the United States District Court for the Central District of California, United States Courthouse, 255 East Temple Street, Los Angeles, California 90012-3332, Courtroom Number 880 (the "Final Approval Hearing").

At the Final Approval Hearing, any Class Member may appear and object to the proposed Settlement.  However, no such person shall be heard at the hearing, and no papers or briefs shall be considered, unless the procedures set forth in Part IV.B of this Notice have been followed. Potential Class Members who do not timely make objections in the manner provided by this Notice shall be deemed to have waived such objections.

## VII.  HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice only summarizes the class action Lawsuit, the proposed Settlement and related matters.  For more information, you may inspect the relevant Court files on the settlement website at [insert settlement website address] or at the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, California 90012 during regular court hours. Any motions for attorneys' fees and costs and enhancement payment to the Plaintiff will be posted to the settlement website within __days of the mailing of this Notice. **PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**  You may also contact Class Counsel or the Settlement Administrator, as listed below.

The attorneys for the Settlement Class ("Class Counsel") in the Lawsuit are:

**DIVERSITY LAW GROUP**
Larry W. Lee, Esq. (SBN 228175)
lwlee@diversitylaw.com
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

**LAW OFFICES OF CHOI & ASSOCIATES**
Edward W. Choi, Esq. (SBN 211334)
Edward.choi@calaw.biz
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 233-4409

**HYUN LEGAL, APC**
Dennis S. Hyun, SBN 224240
dhyun@hyunlegal.com
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

**LEE LAW OFFICES, APLC**
Thomas M. Lee, SBN 210599
3435 Wilshire Blvd, Suite 2400
Los Angeles, California 90010
Telephone: (213) 251-5533
Facsimile: (213) 251-5534
Email: leethomas.esq@gmail.com

If you have any questions about this Notice, please contact the Settlement Administrator and ask about the CVS Class Action Settlement:

[Settlement Administrator]

[Address]

[Telephone number] [Fax]